UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS MEJIA,

                                        Plaintiff,

           -against-

AUSTICORP INC. and LOUIS KAYTSA,

                                        Defendants.
------------------------------------------------------------------------X

Civil Action No. 1:22-cv-03463

**COMPLAINT**

Plaintiff LUIS MEJIA, complaining of the defendants, AUSTICORP, INC. and LOUIS KAYTSA (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law §§ 191 *et seq.* ("NYLL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants as a superintendent.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant Austicorp, Inc. is a domestic corporation with its principal place of business located at 82-40 Austin Street, Kew Gardens, New York 11415.

10. Defendant Kaytsa is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Kaytsa was and remains an officer, director, shareholder and/or person in control of Austicorp, Inc., who exercised significant control over the corporations' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12. At all relevant times, Kaytsa exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and the NYLL.

13. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

14. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15. At all relevant times, Defendants were responsible for compensating Plaintiff.

16. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

17. At all relevant times, Defendants were a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

18. Defendants operate in interstate commerce.

19. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

20. Plaintiff worked for Defendants as a superintendent from on or around November 14, 2015 until in or around June 2020.

21. As a superintendent, Plaintiff's primary job duties included, *inter alia*, taking out the garbage; keeping common areas clean; handling tenant complaints; addressing maintenance issues; performing light construction and repair work, and checking building equipment such as the boiler.

22. Throughout his employment, Plaintiff regularly worked seven (7) days per week, as follows: Mondays through Friday from approximately 8:00 a.m. until 5:00 p.m., with daily one (1) hour breaks; and Saturdays and Sundays for approximately two (2) hours each day; for a total of approximately forty-four (44) hours per week.

23. In addition to his regularly scheduled hours, Plaintiff was also required to accompany an exterminator throughout the building every other Saturday for approximately two (2) hours.

24. Plaintiff also was required to handle tenant emergencies outside of his regularly scheduled work hours once or twice per month, each of which typically lasted one (1) to two (2) hours.

25. Throughout Plaintiff's employment, Defendants did not track or otherwise record Plaintiff's work hours.

26. From on or around November 14, 2015 until on or around April 16, 2016, Plaintiff was paid $15.00 per hour for up to forty (40) hours per week, but received no compensation for the hours he worked over forty (40) each week.

27. From on or around April 16, 2016 until on or around June 10, 2019, Plaintiff was paid $16.00 per hour for up to forty (40) hours per week, but received no compensation for the hours he worked over forty (40) each week.

28. From on or around June 10, 2019 until the end of his employment, Plaintiff was paid $17.00 per hour for up to forty-two (42) hours per week, but received no compensation for the hours he worked over forty-two (42) each week.

29. Throughout his employment, Plaintiff was a non-exempt employee pursuant to the FLSA and was entitled to be paid at least the applicable minimum wage rate for all hours worked and overtime compensation of one-and-one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

30. Despite regularly working more than forty (40) hours per week, Plaintiff was not paid any wages, including overtime wages, for the hours he worked in excess of forty (40) per week through on or around June 10, 2019 and for the hours he worked in excess of forty-two (42) per week from on or around June 10, 2019 until the end of his employment.

31. Defendants knowingly, willingly, and intentionally deprived Plaintiff of wages owed to Plaintiff for the hours he worked in excess of forty (40) or forty-two (42) per week, memorializing their violations of the FLSA in an employment agreement under which Defendants expressly stated Plaintiff would be paid at a fixed hourly rate for a forty-two (42) hour workweek.

32. Defendants also failed to furnish to Plaintiff at the time he was hired a notice containing his rate of pay, the designated payday, or other information required by NYLL § 191(1).

33. In addition, Plaintiff did not receive, with each wage payment, statements that accurately listed his regular and overtime rates of pay, the number of regular and overtime hours worked, and other information required by NYLL § 195(3).

34. Defendants violated federal and state law by willfully failing to compensate Plaintiff with any wages for the hours he worked in excess of forty (40) or forty-two (42) hours per week and by failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3).

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations Under the FLSA)*

35. Plaintiff repeats and realleges all allegations set forth above.

36. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

37. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

38. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

39. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

40. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of the total wages due to him ("liquidated damages").

41. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Minimum Wage Violations under the FLSA)*

1. Plaintiff repeats and realleges all prior allegations set forth above.

2. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

3. Defendants knowingly failed to pay Plaintiff any wages for the hours he worked in excess of forty (40) hours per week from the start of his employment until on or around June 9, 2019 and in excess of forty-two (42) hours per week from on or around June 10, 2019 until the end of his employment.

4. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

5. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

6. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
*(Failure to Timely Pay Wages Under the NYLL)*

42. Plaintiff repeats and realleges all prior allegations set forth above.

43. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

44. Throughout the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

45. Throughout the relevant time period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

46. Throughout the relevant time period, Defendants failed to pay Plaintiff for every hour that he worked at the agreed-upon rate, in violation of NYLL § 191(1)(a)(i).

47. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

48. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

49. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

50. Plaintiff repeats and realleges all prior allegations set forth above.

51. Defendants failed to furnish to Plaintiff, at his time of hire, a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

52. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

53. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Provide Wage Statements Under the NYLL)*

54. Plaintiff repeats and realleges all prior allegations set forth above.

55. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement that accurately listed: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; and other information required under NYLL § 195(3).

56. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for

every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

57.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all unpaid wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

f) interest;
g) costs and disbursements; and
h) such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 29, 2022                      KATZ MELINGER PLLC

                                                */s/ Adam Sackowitz*
                                                By: Adam Sackowitz
                                                370 Lexington Avenue, Suite 1512
                                                New York, New York 10017
                                                T: (212) 460-0047
                                                F: (212) 428-6811
                                                ajsackowitz@katzmelinger.com
                                                *Attorneys for Plaintiff*