## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this ⟍⟅ day of December, 2022, between Luis Mejia ("Plaintiff"), on one part, and Austicorp Inc. and Loui Kaytsa (collectively referred to as "Defendants"), on the other part (collectively, Plaintiff and Defendants are referred to as the "Parties.")

**WHEREAS** Plaintiff was employed as a building superintendent at a residential apartment building located at 82-40 Austin Street, Kew Gardens, NY 11415 (the "Building"); and

**WHEREAS** Plaintiff, through his counsel, Katz Melinger PLLC, filed an action in the United States District Court, Eastern District of New York ("the Court"), under Docket No. 22-cv-03463 (the "Action") alleging, *inter alia*, violations by defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*;

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties desire to memorialize this settlement in a writing and resolve and settle the Action in an amicable manner without the expense of further litigation; and

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Sum**

   a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 3 of this Agreement, Defendants, jointly and severally, shall make a total payment of Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($22,500.00) (the "Settlement Sum"), as follows:

      i. One check made payable to "Luis Mejia" in the amount of Two Thousand Two Hundred Ninety-Seven Dollars and Thirty-Three Cents ($2,297.33), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for alleged unpaid wages;

      ii. One check made payable to "Luis Mejia" in the amount of Twelve Thousand Two Hundred Ninety-Seven Dollars and Thirty-Four Cents ($12,297.34), from which no withholdings shall be taken, and which shall

be reported on an IRS Form 1099 as and for alleged liquidated damages; and

    iii. One check made payable to "Katz Melinger PLLC" in the amount of Seven Thousand Nine Hundred Five Dollars and Thirty-Three Cents ($7,905.33), from which no withholdings shall be taken, and which shall be reported on an IRS Form 1099 as and for costs and attorneys' fees.

    b. Defendants shall deliver the Settlement Sum to Plaintiff's counsel, Katz Melinger PLLC, 370 Lexington Avenue, Suite 1512, New York, New York 10017, via FedEx Overnight within ten (10) business days of the date on which the Court issues an Order approving this Agreement.

    c. Along with the Settlement Sum, Defendants shall deliver to Plaintiff's counsel a wage statement corresponding to the portion of the Settlement Sum that is subject to payroll taxes and other deductions.

    d. Except as provided otherwise herein, each Party shall bear that Party's own costs and fees in connection with this Agreement.

## 2. **Default.**

Defendants' failure to timely deliver the Settlement Sum pursuant to Paragraph 1 above shall constitute an event of default ("Default"). In the event that Defendants Default and fail to cure said Default within seven (7) days of their receipt of written notice of said Default, which shall be delivered pursuant to Paragraph 17 of this Agreement, Defendants agree that Plaintiff may bring suit against Defendants for breach of this Agreement and may recover from Defendants liquidated damages in the amount of Forty-Five Thousand Dollars ($45,000.00), less any payments made by Defendants pursuant to this Agreement, and shall also be entitled to recover from Defendants all costs and reasonable attorneys' fees arising from and related to Defendants' Default, including without limitation all costs and reasonable attorneys' fees incurred by Plaintiff in entering and enforcing any judgment against Defendants related to their breach of this Agreement.

## 3. **Release.**

    a. In consideration for the payments and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and each and every entity with respect to which Defendant(s) may be alleged to be a joint employer, single employer, co-employer, or any other business combination with any Defendant, and each and every one of their respective predecessors, successors, officers, employees, agents, and attorneys  (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by

whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' failure to pay any wages owed to plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b. This release shall not affect or limit: (a) any claims based upon conduct occurring after the date Plaintiff signs this Agreement; (b) Plaintiff's right to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement

c. It is further expressly agreed and acknowledged that the herein release of claims does not include, and Plaintiff is therefore not releasing, any claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever arising under any federal, state or local statute or regulation other than those concerning wage and hour claims that Plaintiff may or may not have against Defendants.

4. **Stipulation of Dismissal**

Upon execution of this Agreement by the Parties, counsel for the Parties shall execute a Proposed Order of Dismissal with Prejudice (the "Order") in the form attached hereto as Exhibit A, which shall be held in escrow by Plaintiff's counsel and shall not be filed until the Settlement Sum has been paid in full. Following the execution of this Agreement by the Parties, the Parties agree that their counsel will present this Agreement, along with an unsigned copy of the Order, to the Court for review and approval.

Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order. If the Court does not approve this Agreement, the Parties shall engage in good faith negotiations and make best efforts to modify this Agreement so as to obtain the Court's approval of this Agreement and entry of the Order.

5. **Non-Admission of Wrongdoing**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state, or local statute, regulation or ordinance. Nor shall anything in this Agreement be construed as an admission of the absence of liability of

any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance.

6. **No Future Employment**

Plaintiff shall not knowingly seek employment with, apply to, or accept employment with Defendants or any Releasee in any capacity, including but not limited to as an employee, independent contractor, consultant, or temporary employee. Plaintiff agrees to relinquish, and hereby does relinquish, any and all rights he may have to either directly or indirectly: (a) be employed by; (b) be assigned to; (c) work for; or (d) provide services in exchange for compensation with Defendants or any Releasee. Should Plaintiff seek, apply for, or accept any employment or assignment to which he has relinquished any rights under this Paragraph 6, then Defendants or any Releasee retain the right not to hire Plaintiff to work for or provide services to Defendants or any Releasee, and to immediately terminate Plaintiff, which Plaintiff understands and expressly agrees shall not constitute retaliation or any other unlawful conduct by Defendants or any Releasee but instead shall be based on the terms of this Agreement and this Paragraph 6.

7. **Successors and Assigns**

Upon the merger or consolidation of the corporate defendant into or with another entity, this Agreement shall bind and inure to the benefit of both the current corporate defendant and the acquiring, succeeding, or surviving entities, as the case may be.

8. **Applicable Law; Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Eastern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over Queens County.

9. **Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed using electronic or facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this

Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

## 10. **Mutual Non-Disparagement; Neutral Reference**

    a.  Plaintiff agrees not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites). Nothing herein shall prevent Plaintiff from making truthful statements about his experience litigating this case, including the terms of this Agreement.

    b.  Defendants agree not to make any false statement about Plaintiff that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

    c.  Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming only Plaintiff's dates of employment and job title and advising such prospective employer that it is Defendants' policy not to provide additional information regarding former employees. Defendants shall not disclose the existence of the Action in response to a request for an employment reference, but if specifically asked about the Action, Defendants will state solely that the matter has been resolved.

## 11. **Retention of Jurisdiction**

The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

## 12. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

## 13. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one

occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

### 14. Modifications

This Agreement may not only be modified, altered, or changed in writing signed by the Parties.

### 15. Interpretation

a.  <u>Construal.</u> Each of the Parties has participated in negotiating and drafting this Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

b.  <u>Severability.</u> In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

c.  <u>Section Headings.</u> Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

d.  <u>Recitals.</u> The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

### 16. Representations and Warranties

a.  Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Agreement on behalf of such Party.

b.  Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Agreement in a language of his/her choosing and all of its terms and conditions and agrees to each and every term and condition herein.

6

c.  Plaintiff represents that, other than the Action, Plaintiff has not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

## 17. Notices

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email and either messenger or overnight mail, and shall be directed as follows, or to any other address designated in writing by the relevant party or parties:

Plaintiff:
Adam Sackowitz, Esq.
Katz Melinger PLLC
370 Lexington Ave., Ste. 1512
New York, NY 10017
ajsackowitz@katzmelinger.com

Defendants:
Lewis Goldberg, Esq.
Goldberg and Weinberger LLP
56 Dayton Road
Redding, CT 06896
lewgoldberg@aol.com

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

## 18. Defendants' Signatories

The undersigned Defendants' signatories represent and warrant that they are authorized to execute this Agreement on behalf of Defendants as a result of appropriate corporate action. The undersigned Defendants' signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement on behalf of Defendants.

*[REMAINDER OF PAGE IS BLANK FOLLOWEED BY SIGNATURE PAGE]*

19. <u>Signatures</u>

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

*AGREED TO:*

_____     Dated: December 15, 2022

**LUIS MEJIA**

*AGREED TO:*

_____     Dated: December ___, 2022

**LOUIS KAYTSA**

*AGREED TO:*

**AUSTICORP. INC.**

By: _____

Print Name: _____

Print Title: _____

State of New York     )
County of _____ )

On the ___ day of December in the year 2022 before me, personally came _____ to me known, who, being by me duly sworn, did depose and say that he resides at _____; that he is the Treasurer of, and a member of its Board of Directors, Austicorp. Inc., the corporation described in and which executed the above instrument; and that he signed his name(s) thereto by like authority of the Board of directors of said corporation.

Sworn to and subscribed before me
this _____ day of December 2022

_____

**Notary Public**

**19. Signatures**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS
AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO
IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER
DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

*AGREED TO:*

_____

**LUIS MEJIA**

Dated: December ___, 2022

*AGREED TO:*

_____

**LOUI KAYTSA**

Dated: December 16, 2022

*AGREED TO:*

**AUSTICORP. INC.**

By: _____

Print Name: ADAM PROKOP

Print Title: VICE PRESIDENT

State of New York          )
County of KINGS          )

On the 17th day of December in the year 2022 before me, personally came
ADAM PROKOP to me known, who, being by me duly sworn, did depose and say
that he resides at 82-40 AUSTIN ST KEW GARDENS; that he is the Treasurer of, and
a member of its Board of Directors, Austicorp. Inc., the corporation described in and
which executed the above instrument; and that he signed his name(s) thereto by like
authority of the Board of directors of said corporation.

Sworn to and subscribed before me
this 17 day of December 2022

_____
**Notary Public**

ALEKSANDRA PARADOWSKI
NOTARY PUBLIC, State of New York
No. 01PA6324707
Qualified in Kings County
Commission Expires May 11, 2023

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS MEJIA,

                    Case No. 1:22-cv-03463

             Plaintiff,

    -against-

AUSTICORP INC. and LOUI KAYTSA,

            Defendants.

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff LUIS MEJIA ("Plaintiff") and Defendants AUSTICORP INC. and LOUI KAYTSA ("Defendants") through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice. The Court hereby approves the settlement and dismissal of the instant action with prejudice.

*Attorneys for Plaintiff*

 KATZ MELINGER PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017

By: _____

Dated: _____

*Attorneys for Defendants*

GOLDBERG AND WEINBERGER LLP
56 Dayton Road
Redding, CT 06896

By: _____

Dated: _____

SO ORDERED this ____ day of _____, 20___

_____
 United States Magistrate Judge